UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
E. GLUCK CORPORATION,                              :

                Plaintiff,                             :

                v.                                          :

STRICKLAND FULLER PARTNERSHIP, :

                Defendant.                           :
----------------------------------------------------------X

Plaintiff, E. Gluck Corporation, by and through its undersigned counsel, for its Complaint against defendant Strickland Fuller Partnership states and alleges as follows:

1. This is a case of trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq.

## THE PARTIES

2. Plaintiff E. Gluck Corporation ("Gluck" and/or "plaintiff") is a New York Corporation having a principal place of business in Long Island City, New York.

3. Plaintiff is one of the largest watch companies in the United States. As part of its business, plaintiff creates, designs and has manufactured for sale watches, which it sells under various trademarks. The trademarks owned by plaintiff include the NOW trademark at issue herein.

4. Plaintiff's NOW trademark is the subject of a valid United States Trademark Registration, first registered in 1986. Over the last twenty-seven (27) years, plaintiff has extensively advertised and promoted its

NOW branded watch and has achieved substantial commercial success selling watches under the NOW trademark.

5. Upon information and belief, defendant Strickland Fuller Partnership ("SFP") is a Kansas partnership composed of Van Strickland, John Strickland and Jeff Fuller, and is located at 10021 West 21st Street, Wichita, Kansas.

6. Upon information and belief, SFP is distributing watches under the trademark NOW IS THE TIME, with the NOW portion of the trademark highlighted.

7. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 et. seq. (the Lanham Act) and has jurisdiction over the parties.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PLAINTIFF'S BUSINESS AND TRADEMARK RIGHTS

9. Plaintiff has been manufacturing and selling watches nationwide since 1956. At present, plaintiff is one of the largest manufacturers and wholesale merchants of watches in the United States.

10. For over twenty five years, i.e., since 1986, plaintiff has continuously marketed and sold millions of watches under its NOW trademark. Plaintiff's NOW branded watches have been, and continue to be, sold nationwide to the public through thousands of retailers and on the internet.

11. In accordance with the provisions of the Lanham Act, plaintiff has registered its NOW trademark in the United States Patent and Trademark Office and is the owner of the United States Patent and Trademark Registration No. 1,446,294 for watches in international class 14. A copy of plaintiff's Registration certificate is attached hereto as **Exhibit A**.

12. Plaintiff's United States Trademark Registration is now an "incontestable" trademark registration.

13. Plaintiff's Registration constitutes *prima facie* evidence of plaintiff's ownership of the NOW trademark for watches and of plaintiff's exclusive right to use this mark.

14. By reason of the activities described herein, plaintiff owns valuable goodwill associated with the trademark NOW in the United States.

## DEFENDANT'S INFRINGING ACTIVITIES

15. Without plaintiff's knowledge, permission or consent, defendant designed, had manufactured, advertised, and has distributed in commerce a watch that it identifies as the NOW IS THE TIME watch

16. A photograph of defendant's infringing watches are attached hereto as **Exhibit B**.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 of the complaint as if fully set forth herein.

18. This count arises under Section 32 of the Trademark Act of 1946; as amended, 15 U.S.C. § 1114(1).

19. The unauthorized use, advertising, and promotion of a watch by defendant under a trademark incorporating the term NOW is likely to cause confusion, or to cause mistake, or to deceive, purchasers in relation to plaintiff's "NOW" trademark.

20. The activities of the defendant complained of herein constitute infringement of plaintiff's federally registered "NOW" trademark.

21. Defendant is not and has never been authorized or licensed by plaintiff to conduct the activities described herein, nor has he received permission from plaintiff to conduct said activities.

22. By reason of defendant's acts alleged herein, plaintiff has been damaged and unless defendant is restrained from continuing his wrongful acts, the damage to plaintiff, which is irreparable, will increase. The monetary damages to plaintiff, will be, unless defendants ceases his wrongful acts, in excess of $150,000.

23. Plaintiff has no adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION UNDER THE LANHAM ACT

24. Plaintiff repeats and realleges the allegations contained in paragraph 1 through 23 of this complaint as if fully set forth herein.

25. This Count arises under Section 43 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

26. By reason of the foregoing acts of the defendant as alleged herein, defendant has falsely described, represented, and designated the origin of his products.

27. Defendant's activities are likely to cause and have caused confusion amongst the public, and are likely to deceive customers concerning the source of the products supplied by the defendant.

28. Plaintiff has no control over the quality of the defendant's products that are promoted, advertised, and sold under such false and misleading designation of origin, with the result that plaintiff's valuable goodwill in its "NOW" mark is being damaged.

29. Upon information and belief, defendant will continue to make such false designations of origins for and in connection with its products unless restrained by this court.

30. By reason of the foregoing acts of defendant, as alleged herein, plaintiff is suffering irreparable harm and has been damaged. Since it has no adequate remedy at law, plaintiff seeks a permanent injunction enjoining defendant from promoting, advertising, distributing and selling products

under the "NOW" name, together with damages in an amount thus far not determined, but which is likely, if defendant do not cease his activities, to be in excess of $150,000.

**WHEREFORE**, Plaintiff prays for the following relief:

(1) That defendant, and all those acting in active concert or participation with him, each and all of them, be enjoined and restrained, during the pendency of this action and permanently, from engaging in or performing any and all of the following:

    (A) Directly or indirectly infringing plaintiff's "NOW" trademark in any manner, including generally, but not limited to, advertising, promoting, distributing and selling products which bear terms which infringe said trademarks and specifically, using or displaying the name or mark "NOW IS THE TIME"

    (B) Using any designation, trademark, trade name, logo or design that tends falsely to represent, or is likely to confuse, misled or deceive purchasers, defendant's customers, or members of the public into believing that unauthorized products promoted originate from plaintiff, or that said products have been sponsored, authorized or licensed by or associated with plaintiff or is in some way connected or affiliated with plaintiff.

    (C) Otherwise infringing plaintiff's "NOW" trademark or competing unfairly with plaintiff any matter or damaging Plaintiff's respective

6

    goodwill, reputation or business; and

(2) That defendant expressly abandon its Trademark Registration, and that defendant be permanently prohibited from seeking to register the any mark incorporating the term "NOW" for watches or watch related products.

(3) That defendant be required to deliver up for destruction all infringing products, promotional material, boxes, labels, packages, containers and all other materials, together with all means, including plates, molds, matrixes etc. for making or reproducing the same pursuant to 15 U.S.C. § 1118 and the common law.

(4) That damages be awarded to plaintiff in the full amount plaintiff has sustained as a consequence of defendant's acts, together with any and all profits of defendant, which are attributable or arise out of or form such wrongful acts or infringement.

(5) That plaintiff recover from defendant all of its litigation expenses, including reasonable attorney fees and costs pursuant to 15 U.S.C. §1117 and all other applicable laws.

(6)  That plaintiff have such other, further or additional relief as this court may deem just and proper.

                          Respectfully submitted,

                          GOTTLIEB, RACKMAN & REISMAN
                          Attorneys for Plaintiff

Dated:   April 3, 2013

                          Richard S. Schurin (RS0199)
                          270 Madison Avenue 8th Floor
                          New York, NY 10016
                          (212) 684-3900